**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5147**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JERMAL DANIELS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00103-RJC-DCK-2)

_____

Submitted:  August 28, 2012        Decided:  August 31, 2012

_____

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Eric A. Bach, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermal Daniels was convicted of: Count 1, conspiracy to possess with intent to distribute heroin and cocaine; Count 5, possession with intent to distribute heroin and aiding and abetting; Count 6, possession with intent to distribute cocaine and aiding and abetting; Count 7, possession of a firearm during and in relation to a drug trafficking crime; Count 8, possession of a firearm by a convicted felon; and Count 13, intimidating or threatening a witness. Daniels received concurrent sentences of life imprisonment for Count 1, 360 months for Counts 5 and 6, and 120 months for Counts 8 and 13; his sixty-month sentence for Count 7 was imposed to run consecutively to all other counts.

We affirmed all of Daniels' convictions on appeal except for Count 1, finding error under United States v. Collins, 415 F.3d 304, 314-15 (4th Cir. 2005). See United States v. Daniels, 323 F. App'x 201, 204 (4th Cir. 2009). We instructed on remand, regarding Count 1, that the Government could elect to either apply the relevant default penalty provision in 18 U.S.C.A. § 841(b)(1)(B) (West 1999 & Supp. 2012) (providing for a sentence of ten years to life in prison) or request that the conviction be reversed and commence a new trial. Id. at 217.

On remand, the Government pursued the first course and Daniels was resentenced to 360 months of imprisonment based on an advisory sentencing range of 292-365 months of imprisonment. Daniels again appeals. His appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether the district court correctly applied the Sentencing Guidelines when it sentenced Daniels to 360 months of imprisonment for Count 1 on remand. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for significant procedural error, including failing to calculate (or improperly calculating) the advisory Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall, 552 U.S. at 51. We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010), cert. denied, 131 S. Ct. 3078. If the sentence is within the

3

Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

Here, Daniels was sentenced to a properly calculated advisory Guidelines range. The district court listened to the arguments of counsel and to Daniels himself, and expressly considered the § 3553(a) factors. The court adequately explained its decision to sentence Daniels within his advisory sentencing range, and we find no reason not to apply the appellate presumption of reasonableness on appeal. See Go, 517 F.3d at 218. Thus, this claim is without merit.

In accordance with Anders, we have reviewed the record in this case, including the issues raised in Daniels' pro se supplemental brief, and have found no meritorious issues for appeal. We therefore affirm Daniels' sentence for Count 1. We deny Daniels' motions to withdraw or substitute counsel and his motion for Order to Review/Inspect Motion of Discovery and grant his motion to amend his pro se supplemental brief. This court requires that counsel inform Daniels, in writing, of the right to petition the Supreme Court of the United States for further review. If Daniels requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

4

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daniels.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5